The notice of appeal after the court enters judgment, but before a post-judgment motion has been decided, the notice of appeal itself is held in advance. So in this case, the district court ruled on September 12th, finding the petition untimely. And then Mr. Reed sent in documents that were construed as a motion for reconsideration. And then the notice of appeal followed after that. And then the district court ruled on the motion for reconsideration, and it ultimately came out with its final decision. So when the court did that, the notice of appeal itself, which basically divests the district court of jurisdiction, was held in abeyance, so to speak, until the order disposing of that motion to reconsideration was entered, which was on November 6th. And it was that order that the district court found that on the merits that the petition should not be granted, should be denied. So our position is that the district court did have jurisdiction, even though the notice of appeal had been filed. And now this court has jurisdiction because there was a supplemental notice of appeal, the functional equivalent of that, filed in this court. And could you briefly address the duress instruction issue? The duress issue raises basically an issue of state substantive law, which is immune from review in a federal habeas case. Mr. Reed did not bring any federal claim in state court, and it was resolved in state court strictly on state court grounds. And under Arizona law, Mr. Reed was not entitled to a defense instruction because there, although some evidence was presented that he was using the money, cashing the checks out of his relatives' accounts in order to pay gambling debts, there was no evidence presented that it was an imminent threat of imminent physical violence is what the standard is in Arizona to be entitled to a duress instruction. And evidence was that he was actually writing checks in small amounts over a six-week period to avoid detection. So there was no imminent threat of violence, so he wasn't entitled to the instruction under Arizona law. But if it violated the Constitution, of course, he could bring that matter up on appeal, couldn't he? If there was a due process violation in failing to give the instruction, wouldn't that be cognizable here? Yes, if he had raised that argument, but he did not ever raise a federal issue. It was only raised on state grounds in the direct appeal.  Thank you. Mr. Whelan, you have a minute or so left. The problem with the state's contention that the notice of appeal and the documents attached to it constitute what they term is a 59E motion is that a 59E motion is a motion to amend or alter the judgment. And that presupposes that a judgment has been entered on the merits. In this instance, the district court denied the petition on procedural grounds, statute of limitations grounds. And even if you could construe that to be a motion to alter or amend the judgment, I think we still have the problem that the court, after it issued its decision in November, issued no certificate of public or certificate of appealability. Although I suppose it could be construed from this court's order to brief those issues that that is a certificate of appealability. But our contention is, of course, that the court didn't have any jurisdiction to go into the merits after the notice of appeal was filed. And that it shouldn't have issued that appeal. It's not properly before the court because it has not been certified as appealable to this court. The only issue is the dismissal for statute of limitations grounds. Counsel, just briefly, do you agree with opposing counsel that you did not raise the duress instruction issue on direct appeal? I do. I believe that's accurate. And so do you agree that that issue's been waived for purposes of this appeal? Well, as I mentioned earlier, I think it's part and parcel of the voluntariness or the voluntary absence because he clearly intended to raise it. The fact that it wasn't raised was because he wasn't there to testify. And the issue is whether or not his voluntary absence or involuntary absence constitutes a voluntary waiver of that issue. And we contend that it does not because he was not voluntarily absent. Thank you. Thank you, Mr. Leone. Mr. Costa, thank you. The matter is discarded. You're dismissed.
judges: Silverman, W Fletcher, Rawlinson